*582 The opinion of the Court was delivered by
Dunkin, Ch.
If the oral testimony was at all admissible, the Court is satisfied with the decree. The only plausible objection would be that, as the conveyance was absolute in terms, parol evidence was inadmissible to contradict, vary, or add to its contents. But it appears well settled, on authority, that when a foundation is laid by an allegation of fraud, such evidence may be received. In Russell vs. Southard, 12 How., 139, the precise question was presented. “We have no doubt (say the Court) that extraneous evidence is admissible to inform the Court of every material fact known to the parties when the deed and memorandum were executed. This is clear both upon principle and authority. To insist on what was really a mortgagees a sale, is in equity, a fraud, which cannot be successfully practised, under the shelter of any written papers, however precise and complete they may appear to be.” And they cite the language of the same Court in Morris vs. Nixon, 1 Howard, 126: “The charge against Nixon is substantially a fraudulent attempt to convert that into an absolute sale, which was originally meant to be a security for a loan. It is in this view of the case that the evidence is admitted to ascertain the truth of the transaction, though the deed be absolute on its face.” Many other authorities are cited ; and the Court conclude by saying that “ the oral evidence is admissible upon the principles of general equity jurisprudence.” In our own Courts the same question was presented in Arnold vs. Mattison, 3 Rich. Eq., 153. The presiding Chancellor received the evidence, but declined to grant relief. If an instrument, (says he,) absolute on its face, can be converted by parol, into a defeasible instrument, except where the omission to reduce the defeasance to writing was occasioned by fraud or mistake, the evidence must be very clear and convincing. In that case the Chancellor held, upon the evidence, that the deed was intended by the parties to be absolute as its terms purported, and that if any fraud existed, it was in reference to third *583 persons. But if there be fraud, whether it consist in not executing a defeasance, or in misrepresenting the character of the instrument, or in any other way, it would be a reproach to the administration of justice if the perpetrator of the fraud could shield himself from detection and exposure by the abuse of rules instituted to prevent fraud. A bond, deposited as an indemnity, might be enforced as an absolute debt; or, as in this case, a deed taken from an indigent, helpless and ignorant woman, for the avowed purpose of vindicating her rights to her freehold, might be perverted into an instrument of despoiling her of those rights. In the language of the Supreme Court, “the oral evidence is admissible in such cases upon the principles of general equity jurisprudence,” and to prevent the successful practice of such frauds under the shelter of any written papers, however precise and formal.
The defendant’s principal ground of appeal is because his agreement to reconvey the lands was a parol trust, and void under the statute of frauds. But McIlvaine vs. Massey, 2 Hill Ch., 421, (and Kinard vs. Heirs, 3 Rich. Eq., 423,) establish that the statute cannot be used as an instrument of fraud.
It is ordered and decreed, that the appeal be dismissed.
Wardlaw, Ch., concurred.

Appeal dismissed.